(75 South. 700)

PEARSON v. STATE. (8 Div. 452.)

(Court of Appeals of Alabama. May 8, 1917.)

1. CRIMINAL LAW ☞407(2)—EVIDENCE—RES GESTÆ—ADMISSIBILITY.

In prosecution for assault to rape, statements of the victim and of the victim's parents and of the witness, made at the time of the assault in the presence of defendant, were admissible.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 949, 968.]

2. RAPE ☞38(3)—ASSAULT WITH INTENT—EVIDENCE—RES GESTÆ—ADMISSIBILITY.

In a prosecution for assault to rape, where the victim testified that accused used a pistol, it was competent for another witness to say that at about the time of the alleged offense accused had a pistol.

Appeal from Circuit Court, Colbert County; C. P. Almon, Judge.

Jack Pearson was convicted of assault with intent to rape, and he appeals. Affirmed.

A. H. Camichael and Jackson & Deloney, all of Tuscumbia, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

SAMFORD, J. The defendant was indicted, tried, and convicted of the offense of assault to rape, and from the judgment of conviction he appeals.

[1] On the trial, during the examination of Geo. Vaughn, a witness for the state, after the examination of the girl who is alleged to have been assaulted, and after the witness had testified that he ran down to where she was, in answer to her call, and stopped the defendant and his buggy, and that about that time the father and mother of the girl came up, the state was permitted, over the objection of the defendant, to prove by the witness that the girl ran to her mother; that then and there, in the presence of defendant, witness told the father and mother that the defendant had had the girl in the woods for 20 minutes; and, further, that the girl told her father and mother that the defendant tried to have intercourse with her. The evidence of the declarations of the girl and what she said and the declarations and accusations of the witness were made in the presence of the defendant and not denied; and, in line with the foregoing, the question to and answer of Viola Kirkman to which exception was reserved were proper.

[2] The girl alleged to have been assaulted having testified that the defendant pointed a pistol at her in order to force her to yield to him, it was competent for the state to prove by the witness Kirkman that, at the time and place the assault is alleged to have occurred, the defendant had a pistol.

The hedging about of the introduction of evidence with technical objections so often brings about a miscarriage of justice that the courts will liberally construe the rules, so that the jury can get the entire transaction.

There is no error in the record, and the judgment is affirmed.

Affirmed.